# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION


GREGORY HUGHES                                                    PLAINTIFF

V.                                                    NO. 3:14CV00159-JMV

COMMISSIONER OF SOCIAL SECURITY                              DEFENDANT


## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying claims for a period of disability and Disability Insurance Benefits and Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds as follows, to-wit:

Consistent with the court's ruling from the bench during oral argument, the court finds the ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence in the record. Specifically, the ALJ failed–though attributing great weight to the medical source statement of Dr. Bruce Randolph–to include in the claimant's RFC Dr. Randolph's assessment that the claimant could only stand for fifteen minutes without interruption and sit forty-five minutes without interruption. Thus, the ALJ effectively rejected these limitations without any explanation. Additionally, the court finds nothing in the record to indicate the ALJ considered what effect, if any, the claimant's polycystic kidney disease–documented by a September 2013 MRI–had on his ability to work. On remand, the ALJ

shall consider the claimant's polycystic kidney disease and determine what effect, if any, it has on the claimant's ability to perform work activity. Also, the ALJ shall reconsider Dr. Randolph's opinion and either adopt the standing and sitting limitations noted above or fully explain why they should not be adopted. After considering all of the evidence, the ALJ shall reconsider the claimant's RFC. If necessary, the ALJ shall obtain additional testimony from a vocational expert in order to determine whether there is any work the claimant can perform in light of his RFC and other important vocational factors. The ALJ may conduct any additional proceedings that are not inconsistent with this order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is **REVERSED** and **REMANDED** for further proceedings.

This, the 26th day of March, 2015.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE